IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FLAGSTAR BANK, FSB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 2010-14 |
| ) | |
| BERMANN DANGER, DALINE ) | |
| DAMBREVILLE, and THE UNITED ) | |
| STATES INTERNAL REVENUE ) | |
| SERVICE, an agency of the United States ) | |
| of America, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION

Before the Court is Flagstar Bank, FSB's ("Flagstar") motion [DE 41] for an order confirming sale and for a deficiency judgment.[1] The matter was referred to the undersigned for a Report and Recommendation.

### I.   FINDINGS OF FACT

1. On January 28, 2010, Flagstar initiated this action for debt and foreclosure against Bermann Danger, Daline Dambreville and the United States Internal Revenue Service ("IRS").

2. The IRS filed its answer [DE 6] on May 24, 2010.  Danger and Dambreville never answered or appeared.  The Clerk of Court entered default [DE 15] against them.

3. On March 8, 2011, Flagstar moved [DE 16] for default judgment against Danger and Dambreville and summary judgment against the IRS.  The IRS did not oppose the motion.  The District Court denied the motion and held a bench trial on January 19, 2012.  [DE 28].

4. On September 25, 2012, the District Court entered judgment [DE 31] against Danger and the IRS in favor of Flagstar (the "Judgment").

---

[1]   On July 22, 2014, Flagstar renewed [DE 42] the instant motion.

5. The District Court awarded Flagstar a final judgment against Danger in the amount of $175,585.97, plus (i) interest in the amount of $28.72 per diem from January 18, 2011 until September 25, 2012, (ii) post-judgment interest at the statutory rate,[2] and (iii) $6,250 in attorney's fees.[3]

6. The Judgment foreclosed liens on the real property known as Parcel No. 2B-2 Remainder Estate Mariendahl, No. 4 Red Hook Quarter, St. Thomas, Virgin Islands, as shown on PWD No. D9-7999-T007 ("the Property").

7. On February 5, 2013, the Clerk of Court issued a Writ of Execution ("the writ) [DE 38] on the judgment in the amount of $182,794.69. Interest has accrued on that judgment at the statutory rate.

8. Pursuant to the Judgment, on August 12, 2013, the Acting United States Marshal sold the Property. The sale complied with the statutory requirements of 28 V.I.C. § 476.

9. The Court has received the Report of Sale [DE 41-2], which indicates Flagstar entered the highest bid in the amount of $135,000.00. This amount is less than the total amount of the judgment by $47,794.69 plus all accrued interest and the $6,250.00 attorney's fee award.

10. To date, there has been no objection to the sale and its confirmation.

## II. CONCLUSION

Based on the forgoing findings of fact, it is hereby RECOMMENDED that Flagstar's motion [DE 41] be GRANTED. In particular, the Court recommends specifically as follows:

1. As for Flagstar's request for an order confirming the August 12, 2013 sale:

   a. Pursuant to 5 V.I.C. § 489, the United States Marshal's sale of the above-described real property be APPROVED and CONFIRMED;

   b. Pursuant to 5 V.I.C. § 492, the United States Marshal make and deliver to Flagstar a Certificate of Sale setting forth a description of the real property, the terms of the sale, and a provision that the property is subject to a redemption period of six (6) months from the date of this Order;

   c. Pursuant to 28 V.I.C. § 535, Danger have six months from the date of this Order in which to exercise his right to redeem the property by paying the total

---

[2] The statutory rate for post-judgment interest is 4% per annum. 5 V.I.C. § 426.

[3] *See* Judgment at 4 [DE 31] & Attorney Fee's Order at 4 [DE 39].

        amount of the purchase price as of the date of redemption, including principal, interest, attorney's fees, Court costs and costs of sale;[4] and

    d.    If Danger fails to timely exercise his right to redeem the property, the United States Marshals Service convey the above-described real property to Flagstar, or at the request of Flagstar made to the U.S. Marshal, to Flagstar's assignee, by way of Marshal's Deed.

2.    As for Flagstar's request for a deficiency judgment, pursuant to the terms of the Judgment, Flagstar have a deficiency judgment against Danger in the amount of $47,794.69 plus all accrued interest, plus the $6,250.00 attorney's fee award.

**Dated:** August 19, 2014        S\_____
                                        **RUTH MILLER**
                                        United States Magistrate Judge

---

[4]    *See* Judgment at 6.